UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TED HENDERSON,

Petitioner,

-against-

THOMAS STICHT, Superintendent,

Respondent.

No. 20-CV-07575 (NSR)(AEK)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Pro se Petitioner Ted Henderson ("Petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his New York State conviction. (ECF No. 1.) Respondent Thomas Sticht opposed the Petition (ECF Nos. 16-17), and Petitioner filed a traverse and supporting papers (ECF Nos. 18-20). On November 17, 2021, the Court referred the Petition to Magistrate Judge Andrew E. Krause. (ECF No. 14.) On July 2, 2025, Judge Krause issued a Report and Recommendation (the "R&R") recommending that the Petition be dismissed as time-barred. (R&R, ECF No. 24.) Petitioner thereafter filed timely objections and supporting papers. (Opp., ECF Nos. 25-30.) For the reasons set forth below, Petitioner's objections are OVERRULED, the R&R is ADOPTED in its entirety, and the Petition is DISMISSED as time-barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes familiarity with the R&R and summarizes only the facts and procedural history necessary to resolve Petitioner's objections.

On April 26, 2010, Petitioner was indicted in New York Supreme Court, Orange County, on multiple counts of criminal sexual act in the third degree, incest in the third degree, rape in the third degree, and sexual abuse in the third degree, as well as one count of endangering the welfare

of a child, based on sexual contact with his stepdaughter, A.H., beginning in July 2008. (R&R at 2.) Petitioner waived his right to a jury trial and proceeded to a bench trial before the Honorable Robert H. Freehill. (*Id.*)

The trial was conducted over seven days beginning on February 15, 2011. On March 28, 2011, the trial court found Petitioner guilty of four counts of criminal sexual act in the third degree, five counts of rape in the third degree, two counts of sexual abuse in the third degree, and one count of endangering the welfare of a child, and not guilty of the remaining eight counts. On June 8, 2011, the trial court imposed various consecutive and concurrent sentences, resulting in an aggregate maximum sentence of sixteen years of imprisonment and ten years of post-release supervision. The trial court also entered an order of protection in favor of A.H. through June 8, 2035. (*Id.*)

On September 21, 2016, the Appellate Division, Second Department, affirmed Petitioner's conviction. *People v. Henderson*, 142 A.D.3d 1104 (N.Y. App. Div. 2016). The Appellate Division determined that Petitioner's legal-insufficiency claim was partially unpreserved and, in any event, meritless; that the verdict was not against the weight of the evidence; that his uncharged-crimes claim was unpreserved and meritless; that the admission of the DNA evidence did not violate the Confrontation Clause; that his sentence was not excessive; and that his remaining contentions lacked merit. *Id.* at 1104-05. The New York Court of Appeals denied leave to appeal on January 19, 2017. *People v. Henderson*, 28 N.Y.3d 1146 (2017).

On November 19, 2019, Petitioner, proceeding pro se, moved to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10, asserting that the prosecution used false or unlawfully obtained evidence, failed to timely disclose exculpatory evidence, and that trial counsel was ineffective. (R&R at 3-4.) On May 27, 2020, the trial court denied the motion,

concluding that the claims were procedurally barred under New York Criminal Procedure Law § 440.10(2)(c) and that the ineffective-assistance claim also failed on the merits. (*Id.* at 4.) The Appellate Division denied leave to appeal on August 19, 2020. (*Id.*)

Petitioner also filed a petition for a writ of error coram nobis on December 13, 2019, alleging ineffective assistance of appellate counsel. (*Id.*) The Appellate Division denied that petition on June 17, 2020, and the New York Court of Appeals denied leave to appeal on August 18, 2020. *People v. Henderson*, 184 A.D.3d 768 (N.Y. App. Div. 2020), *leave denied*, 35 N.Y.3d 1066 (2020). The instant Petition is deemed filed on September 8, 2020, under the prison mailbox rule, although it was docketed on September 14, 2020. (ECF No. 1; R&R at 5 & n.4.) The Court later directed Petitioner to explain why the Petition should not be dismissed as time-barred, and Petitioner submitted declarations and exhibits in response. (ECF Nos. 6-8.) Respondent thereafter filed his opposition and the state-court record, and Petitioner filed his traverse and supporting papers. (ECF Nos. 16-20.)

## LEGAL STANDARD

### I. Report & Recommendation

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record) ." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003 (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") *(quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989).

To the extent a party makes specific objections to an R & R, those objections must be reviewed *de novo*. 28 U.S.C. 636(b)(l); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdish*, No. 04 CIV. 5061 (RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent a party "makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04 CIV.5066 HB FM, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are clearly aimed at particular findings in the magistrate's proposal or are a means to take a "second bite at the apple" by simply relitigating a prior argument. *Singleton v. Davis,* No. 03 CIV 1446 LTS HBP, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007), *aff'd,* 308 F. App'x 560 (2d Cir. 2009)

## II. Writ of Habeas Corpus

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA")."*Harrington v. Richter*, 562 U.S. 86, 97 (2011). Section 2254(d) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Habeas review is an extraordinary remedy" and **"**will not be allowed to do service for" an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994). When a federal court reaches the merits of a habeas petition, AEDPA prescribes a "highly deferential" standard for reviewing state court rulings. *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015).

"Before a federal district court may review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254." *Visich v. Walsh*, No. 10 Civ. 4160 (ER)(PED), 2013 WL 3388953, at *9 (S.D.N.Y. July 3, 2013). Such procedural requirements include the exhaustion of claims in state court. 28 U.S.C. § 2254(b)(1)(A). A claim is "adjudicated on the merits" when a state court has made a decision finally resolving the parties' claims, with res judicata effect, based on the substance of the claim advanced, rather than on procedural, or other grounds. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (internal citations omitted). A federal petition that challenges a state conviction based upon a court decision that rests upon a "state-law ground," independent of the federal question and adequate to support the judgment, is not subject to federal review. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

AEDPA imposes a one-year limitations period for filing a federal habeas petition**.** As relevant here, that period begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The limitations period is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C**.** § 2244(d)(1). A state collateral application filed after the limitations period has expired, however, does not restart the limitations period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Equitable tolling is available only where a petitioner demonstrates that an extraordinary circumstance prevented timely filing and that he acted with reasonable diligence throughout the period he seeks to toll. *Holland v. Florida*, 560 U.S. 631, 653 (2010); *Smith*, 208 F.3d at 17. A credible and compelling claim of actual innocence may provide an equitable exception to the limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392–93 (2013); *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012).

**DISCUSSION**

Petitioner timely filed objections to the R&R, including a submission denominated a "Traverse in Opposition." (*See generally* Opp.) In his objections, Petitioner contests "every recommendation," asserts that he exercised due diligence in attempting to obtain his trial transcripts, and contends that external interference and alleged trial-court errors caused him prejudice. (Opp. at 1–4, 6.) Petitioner's blanket objection to "every recommendation" is general and does not trigger de novo review. His objection to the R&R's conclusion that his difficulty obtaining transcripts does not warrant equitable tolling, however, is sufficiently specific and is subject to de novo review. The Court reviews the remaining portions of the R&R for clear error. Under either standard, Petitioner's objections fail.

As discussed in Judge Krause's R&R, the New York Court of Appeals denied Petitioner's application for leave to appeal on January 19, 2017. Because Petitioner did not seek certiorari, his conviction became final on April 19, 2017, and the AEDPA limitations period expired on April 19, 2018. The Petition, deemed filed on September 8, 2020, was therefore filed more than two years after the limitations period expired. (R&R at 8–9.) Petitioner's § 440.10 motion and coram nobis petition, filed in November and December 2019, respectively, could not toll or revive the already-expired limitations period. (*Id*. at 9.)

Nor is Petitioner entitled to equitable tolling. Even assuming that he exercised reasonable diligence in attempting to obtain the transcripts, he has not shown that their absence constituted an extraordinary circumstance that prevented him from timely filing a habeas petition. Petitioner knew the factual bases for his claims from his participation in the trial and could have filed a timely petition and later sought to supplement it. (*Id*. at 10–13.) Petitioner also has not identified new, reliable evidence sufficient to establish a gateway claim of actual innocence. (*Id*. at 13–14.)[1] The Court has reviewed the remaining portions of the R&R for clear error and finds none.

**CONCLUSION**

For the reasons stated above, Petitioner's objections are OVERRULED, the R&R is ADOPTED in its entirety, and the Petition is DISMISSED as time-barred.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The Court further

[1] Although unnecessary to the disposition of the Petition, Petitioner's ineffective-assistance-of-counsel claim also fails on the merits. The state court rejected that claim after concluding that Petitioner had not demonstrated that counsel's alleged errors affected the outcome of the proceedings. (R&R at 4.) Because the state court adjudicated the claim on the merits, its determination is entitled to deference under AEDPA. *See* 28 U.S.C. § 2254(d). Petitioner has not shown that the state court's rejection of the claim was contrary to, or involved an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). *See Harrington,* 562 U.S. at 101, 105 (explaining that review under § 2254(d) and Strickland is "doubly" deferential).

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of Court is respectfully directed mail a copy of this Opinion and Order to Petitioner at his address of record, show proof of service on the docket, and terminate the action.

Dated: July 20, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge